Judge: Hon. Thomas W. Dore
Chapter 13

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In Re:<br><br>BEVERLY JANE CARY<br><br>Debtor | Dist. Court Case No. _____<br><br>Case No. 20-12450 TWD<br><br>Adversary Case No. 22-01000-TWD |
| BEVERLY JANE CARY,<br><br>Plaintiff,<br>v.<br><br>PATCH SERVICES, LLC d/b/a NOAH; PATCH HOMES, INC.; FIRST AMERICAN TITLE INSURANCE COMPANY LENDERS ADVANTAGE,<br><br>Defendants. | **STIPULATED MOTION FOR WITHDRAWAL OF REFERENCE [LBR 5011-1]** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

Although filed as an Adversary Action, the Parties have stipulated that withdrawal of the reference is necessary and appropriate and the matter should be transferred to the District Court for resolution. See Accompanying Stipulation In Support of Motion.

100047/002553/02628784-4
MOTION FOR WITHDRAWAL
OF REFERENCE -1

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Plaintiff brings this adversary action seeking damages relating to the of a loan she obtained in 2019. She initiated her bankruptcy petition in 2020 yet initiated the adversary action with an initial complaint filed January 17, 2022. Dkt. #1. Two days later, she filed a First Amended Complaint. Dkt. #2. Plaintiff then filed a Second Amended Complaint on March 4, 2022, adding defendant First American Title Insurance Company[1] ("First American") as a defendant. Dkt. #4.

Plaintiff herself demands a jury trial and indicates she does not consent to have the bankruptcy court decide the matter. SAC ¶ 1.5 (Dkt. #4).

Plaintiff challenges the validity and nature of the lien on her property and brings a number of Federal and Washington State law specific claims against Patch Services, LLC d/b/a NOAH, Patch Homes, Inc. ("Patch") and First American Title Insurance Company ("First American"). First American provided escrow and closing services for the transaction between Cary and Patch. Plaintiff claims First American and Patch both violated the Federal Truth in Lending Act ("TILA") in a variety of ways. Both Defendants are also entities organized outside of Washington and Plaintiff questions their ability to conduct interstate commerce by participating in the loan transaction at issue.

Resolution of the allegations in Plaintiff's Second Amended Complaint requires application and analysis of state law rights and remedies and non-bankruptcy federal laws involving organizations and activities affecting interstate commerce. Under these circumstances, withdrawal of the reference is therefore mandatory.

## 2. STATEMENT OF THE SECOND AMENDED COMPLAINT AND JUDICIALLY NOTICEABLE FACTS

---

[1] First American is improperly named in this action. First American's proper name is: "First American Title Insurance Company, a Nebraska Corporation re-domesticated from California to Nebraska on July 1, 2014." Lender's Advantage was merely a division of First American and not a separate entity. Lender's Advantage no longer exists.

100047/002553/02628784-4
MOTION FOR WITHDRAWAL
OF REFERENCE -2

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Case 22-01000-TWD    Doc 8    Filed 04/15/22    Ent. 04/15/22 15:42:16    Pg. 2 of 7

Plaintiff granted to PATCH SERVICES LLC, a security interest in her property commonly known as: 2784 31st Place S., Auburn, WA 98001. SAC pp. 12-13 ¶¶ 2.23-2.26. First American provided escrow services for this transaction. SAC p. 3, ¶ 1.3.

Plaintiff obtained the loan after receiving a mailing from defendant Patch. SAC p. 6 ¶2.9, lns. 23-24. Plaintiff called Patch directly to obtain the loan. SAC p. 7 ¶2.10, lns. 8-11. Plaintiff decided to move forward with obtaining the loan through Patch, and First American acted as Escrowee in closing the transaction. SAC p. 7 ¶2.11, ln. 18.

Plaintiff's Second Amended Complaint now challenges terms of the loan she obtained from Patch, the underlying circumstances surrounding her obtaining that loan, and further alleging wrongdoing by Patch and First American in their roles in her obtaining that loan. These claims should be heard by the district court, and the reference to the bankruptcy court should be withdrawn.

## 3. **THE BANKRUPTCY COURT'S JURISDICTION IS LIMITED AND WITHDRAWAL OF THE REFERENCE IS REQUIRED**

The jurisdiction of this Court with respect to bankruptcy matters is set forth in 28 U.S.C. § 1334, which grants district courts original and exclusive jurisdiction over cases arising under title 11 and original but not exclusive jurisdiction over cases arising in or related to cases under title 11. Jurisdiction of the Bankruptcy Court, however, is more circumscribed. Specifically, while 28 U.S.C. § 157(a) permits district courts to refer bankruptcy matters to the bankruptcy courts – which this court has done pursuant to General Order filed November 26, 1984[2]; however, 28 U.S.C. § 157(b) and (c) specifically limit the cases that a bankruptcy court may hear.

---

[2] https://www.wawd.uscourts.gov/sites/wawd/files/11-26-84GOinrereferringbankruptcycasesandproceedingstobankruptcyjudges.pdf

100047/002553/02628784-4
MOTION FOR WITHDRAWAL
OF REFERENCE -3

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Case 22-01000-TWD    Doc 8    Filed 04/15/22    Ent. 04/15/22 15:42:16    Pg. 3 of 7

In general terms, Section 157(b) sets forth a list of "core" matters that a bankruptcy court "may hear and determine," i.e., enter final orders on, while Section 157(c) provides that a bankruptcy court may only enter final orders in noncore matters (that are otherwise related to a case under title 11 with the consent of all parties to the proceeding; otherwise the bankruptcy court is limited to submitting proposed findings of fact and conclusions of law to the district court, where they are subject to de novo review.

Moreover, while referral to a bankruptcy court is automatic, it is neither mandatory nor permanent, and in some cases a District Court is permitted or even required to withdraw that reference. In particular, 28 U.S.C § 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court **shall**, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added.)

This section thus provides for both discretionary and mandatory withdrawal of the reference of cases to bankruptcy court. Withdrawal is mandatory whenever resolution of the case requires consideration of both bankruptcy and other federal laws which regulate origination or activities affecting interstate commerce.

A. <u>This Case Requires Consideration of Non-Bankruptcy Federal Law Affecting Interstate Commerce Making Withdrawal of the Reference Mandatory</u>

Resolution of the issues raised in the adversary Second Amended Complaint will require consideration of at least one main body of non-bankruptcy federal law: specifically, TILA and its implementing regulations. The Second Amended Complaint specifically claims Defendants violated 15 U.S.C. § 1605, 15 U.S.C. § 1639c; Plaintiff also claims violations of "12 C.F.R. §§ 1026.19, 1026.23 and 1026.37. SAC ¶¶ 3.31-3.34. There are

100047/002553/02628784-4
MOTION FOR WITHDRAWAL
OF REFERENCE -4

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Case 22-01000-TWD    Doc 8    Filed 04/15/22    Ent. 04/15/22 15:42:16    Pg. 4 of 7

no such sections within Title 12 of the CFR, and Plaintiff is likely referring to Title 15. In order to resolve these claims, the Court will have to consider these non-bankruptcy federal statutes and regulations.

It is also indisputable that TILA and its implementing regulations are "laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d); see also 15 U.S.C. § 1601(a); 15 U.S.C. §1633; and *Mourning v. Fam. Publications Serv., Inc.*, 411 U.S. 356, 377, 93 S. Ct. 1652, 1665, 36 L. Ed. 2d 318 (1973) (TILA falls within Congress's power to regulate under the Commerce Clause.)

The Parties have all stipulated to these elements. Stipulation ¶¶ 1-2. They agree that the resolution of the case will require consideration of non-bankruptcy federal law regulating organizations or activities affecting interstate commerce. Accordingly, 28 U.S.C. §157(d) requires that the Court withdraw the reference to the Bankruptcy Court.

B. <u>Plaintiff's Demand for a Jury Trial Further Justifies Withdraw of the Reference</u>

Alternatively, the Court can and should exercise its discretion to withdraw the reference. The Court should withdraw reference of a noncore adversary proceeding when a party has invoked their right to a jury trial and judicial economy will be served by such withdraw. See 28 U.S.C. § 157(d); *Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

The Parties have stipulated that the claims are primarily non-core. See Stipulation ¶ 1. The SAC itself says "this matter is a non-core claim non-core" and that the majority of claims do not require adjudication in the bankruptcy context. SAC ¶ 1.4. Indeed, with respect to the claims against First American, none of them have anything to do with the bankruptcy and do not require resolution within the bankruptcy context. The entirety of Plaintiff's claims involve the application of non-bankruptcy law and thus, even those challenging the enforceability of the lien, will require resolution outside the bankruptcy context.

100047/002553/02628784-4
MOTION FOR WITHDRAWAL
OF REFERENCE -5

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Case 22-01000-TWD    Doc 8    Filed 04/15/22    Ent. 04/15/22 15:42:16    Pg. 5 of 7

Plaintiff also invokes her right to a jury trial and does not consent to the matter being heard by the bankruptcy court. SAC ¶ 1.5. Thus, because a jury trial would be necessary and because non-core issues predominate, judicial economy is best served by withdraw of the reference now while the case is in its infancy. The Parties have stipulated to these facts as well. See Stipulation ¶¶ 3-5.

## 4. CONCLUSION

Because the Parties have stipulated that all conditions necessary for mandatory or discretional withdrawal of the reference have been met, no opposition to this motion will be filed. Defendant requests the bankruptcy court recommend withdrawal of the reference and promptly transfer the motion to the District Court for resolution.

Dated: April 15, 2022

**LAGERLOF LLP**

/s/ *Robert A. Bailey*
Robert A. Bailey, WSBA No. 28472
701 Pike Street, Suite 1560
Seattle, WA 98101
Phone: (206) 492-2300
Email: rbailey@lagerlof.com
*Attorneys for First American Title Insurance Company Lenders Advantage*

100047/002553/02628784-4
MOTION FOR WITHDRAWAL
OF REFERENCE -6

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Case 22-01000-TWD    Doc 8    Filed 04/15/22    Ent. 04/15/22 15:42:16    Pg. 6 of 7

# DECLARATION OF SERVICE

I hereby declare under penalty of perjury of the laws of the State of Washington and the United States of America that on this 15th day of April 2022, I caused to be delivered a copy of the foregoing to the following in the manner indicated:

| | |
|---|---|
| Melissa A. Huelsman, WSBA No. 30935<br>Law Offices of Melissa A. Huelsman, P.S.<br>705 2nd Ave, Suite 606<br>Seattle, WA 98104<br>*Attorney for Plaintiff* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>[ ] By Email:<br>mhuelsman@predatorylendinglaw.com<br>[X] By CM/ECF E-Service |
| Mark McClure, WSBA No. 24393<br>Law Offices of Mark McClure, PS<br>1103 W. Meeker St., Suite 101<br>Kent, WA 98032<br>*Attorney for Plaintiff* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>[ ] By Email:<br>mark@mcclurelawgroup.com<br>[X] By CM/ECF E-Service |
| Christina L. Henry, WSBA No. 31273<br>Henry & Degraaff, PS<br>113 Chery Street, PMB 58364<br>Seattle, WA 98104<br>*Attorney for Plaintiff* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>[ ] By Email: chenry@hdm-legal.com<br>[X] By CM/ECF E-Service |

Signed this 15th day of April 2022 at Seattle, Washington.

*s/ Karrie Blevins*
Karrie Blevins, Paralegal
Lagerlof LLP

100047/002553/02628784-4
MOTION FOR WITHDRAWAL
OF REFERENCE -7

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

Case 22-01000-TWD    Doc 8    Filed 04/15/22    Ent. 04/15/22 15:42:16    Pg. 7 of 7